**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

INTEGON NATIONAL INSURANCE COMPANY

       Plaintiff,

vs.

VISTA CLINICAL DIAGNOSTICS, LLC, TYLER DUTRUCH, BENJAMIN MOORE, individually and as Parent and Natural Guardian of O.M., a minor, and INFINITY INSURANCE COMPANY, a Florida Corporation.

       Defendant.

_____/

CASE NO:

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, INTEGON NATIONAL INSURANCE COMPANY, by and through the undersigned attorneys, hereby sues INFINITY INSURANCE COMPANY, BENJAMIN MOORE individually and as Parent and Natural Guardian of O.M., a minor, TYLER DUTRUCH and VISTA CLINIC DIAGNOSTICS, LLC., and states:

## JURISDICTION AND VENUE

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and FRCP 57 to determine the rights and obligations of the parties under an insurance policy issued by National General.

2. The limit of liability of the insurance policy at issue exceeds $75,000.00, exclusive of interest and costs.

3. Plaintiff, INTEGON NATIONAL INSURANCE COMPANY [hereinafter INTEGON], is a North Carolina Corporation, with its principal place of business in Winston-Salem, North Carolina.

4. Upon information and belief, BENJAMIN MOORE [hereinafter MOORE] is a

1

resident of Volusia County, Florida and a citizen of the State of Florida.

5. Upon information and belief, MOORE is the parent and natural guardian of O.M., a minor.

6. VISTA CLINICAL DIAGNOSTICS, LLC [hereinafter VISTA] is a Florida corporation, with its principal place of business in Lake County, Florida.

7. TYLER DUTRUCH [hereinafter DUTRUCH] is a resident of Lake County, Florida, and a citizen of the State of Florida.

8. INFINITY INSURANCE COMPANY [hereinafter INFINITY] is a Florida corporation, whose principal place of business is in Birmingham, Alabama.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

10. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) in that the policy was issued to a corporation whose principal place of business was in Lake County, payments were made from Lake County, and the policy was to be performed in Lake County, and thus a substantial part of the events giving rise to the claims herein occurred in this District.

**GENERAL ALLEGATIONS**

11. On or about October 8, 2013, DUTRUCH was operating a 2006 Dodge Charger (hereinafter SUBJECT VEHICLE) in Deland, Florida, when he collided with a vehicle operated by MOORE and in which the minor O.M. was a passenger.

12. MOORE has claimed that DUTRUCH's negligent operation of the SUBJECT VEHICLE has caused him and his son to sustain serious bodily injuries and has demanded payment from DUTRUCH in amounts in excess of $75,000.00.

13. MOORE has claimed that DUTRUCH was an employee of VISTA at the time of

the collision and that VISTA should be liable for his negligence.

14. VISTA has denied that DUTRUCH was an employee.

15. INTEGON had issued to VISTA a commercial auto insurance policy, Policy Number: 2001096960, with effective dates of October 25, 2012 through October 25, 2013, which provided $1,000,000.00 in a combined single limit of liability coverage for both property damage and bodily injury. A true and correct copy of the policy is attached hereto as Exhibit A.

16. The policy contained the following relevant provisions:

PART I – LIABILITY TO OTHERS

**We** will pay on behalf of an **insured** damages except punitive damages, exemplary damages, and prejudgment interest for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an **auto accident** arising out of the ownership, maintenance or use of **your insured auto**. . . .

The Policy further states:

ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

As used in this Part I – LIABILITY TO OTHERS, "**Insured**" means:

1. **You** while driving **your insured auto**.
2. Any additional driver listed on **your** Declarations Page, but only while driving **your insured auto**.
3. **You** while driving any **auto** other than **your insured auto**, except:
   a. an **auto you** hire or borrow from **your** employees or members of **your** household.
   b. **autos** furnished for **your** regular or frequent use.
   c. an **auto** hired by **you** unless it is specifically listed in the Declarations Page.
4. Any other person or organization with respect only to legal liability of that person or organization for acts or omissions of any person covered under this Part while driving **your insured auto**. However, the owner or anyone else from whom you hire or borrow an **insured auto** is an insured only if that **auto** is a **trailer** connected to **your insured auto you** own.
5. Anyone else driving **your insured auto** with **your** expressed permission and within the scope of that expressed permission. However, the owner or anyone else from whom **you** hire or borrow an **insured auto** is an **insured** only if that **auto** is a **trailer** connected to **your insured auto you** own.

In the definition section of the Policy, the Policy defines "[y]our Insured Auto" as:

3

> 9. "Your Insured Auto" means:
> a. Any **auto** described in the Declarations Page, but only for coverages for which a premium charge is shown and any **auto you** replace it with. If **you** want coverage for PART I – LIABILITY TO OTHERS to apply to the replacement, **you** must notify us within 30 days of its acquisition. Coverages found in Part IV – AUTO DAMAGE COVERAGE will not apply to the replacement until **you** have notified us in writing and have paid the applicable premium for coverage.
> b. Any additional **auto** which **you** acquire during the policy period provided **we** insure all **autos** that **you** own. If **you** want coverage for PART I – LIABILITY TO OTHERS to apply to the additional **auto you** must notify us within 30 days of its acquisition. Coverage found in PART IV – AUTO DAMAGE COVERAGE will not apply until **you** have notified us, in writing, of its acquisition and paid the applicable premium for coverage.
> c. Any **auto** not owned by **you** while **you** are temporarily driving it as a substitute for any other **auto** described in this definition because of its withdrawal from normal use due to breakdown, repair, servicing, loss, or destruction. Coverage for PART IV – AUTO DAMAGE COVERAGE does not apply to these temporary substitute **autos**.

The Policy also defined "**You**" and "**Your**" to mean, "b. the organization shown in the Declarations Page as the named insured."

The Policy contains exclusions that are applicable here. For instance, the Policy provides:

> **LIABILITY TO OTHERS** and **OUR DUTY TO DEFEND** does not apply to:
> . . .
> 2. Any liability assumed by an **insured** under any contract or agreement including liability imposed upon an **insured** by statute arising from the **insured's** sponsorship of a minor for an operator's license.
> . . .
>
> 11. **Bodily injury** or **property damage** arising out of the ownership, maintenance or use of an auto, other than **your insured auto** which is owned by or furnished or available for regular use by **you**.

The Policy contains two relevant endorsements

> Form Number CV265 (05011998) – **ADDITIONAL INSURED**
>
> All the provisions of this policy apply to the coverage provided by this endorsement except as modified herein.
>
> The person or organization listed in the Declarations Page is an **insured** with respect to such liability coverage as is afforded by the Policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this agreement will be excess insurance over any other valid and collectible insurance.
>
> Form Number CV39 (01011997) – **NON-OWNERSHIP LIABILITY**

4

> All the provisions of this policy apply to the coverage provided by this endorsement except as modified herein.
>
> **We** agree with **you** that the insurance provided under PART I – LIABILITY TO OTHERS section of **your** Commercial **Auto** Policy for **your insured auto** applies to any **non-owned auto** used in **your** business by any of **your** employees subject to the following provisions:
>
> 1. **Insured**. The definition of **Insured** under PART I – LIABILITY TO OTHERS applies to the insurance provided by this Endorsement except that none of the following is an **insured** with respect to a **non-owned auto**:
>      a. The owner of a **non-owned auto** and any agent or employee of that owner.
>    ….
> 2. When used in this Endorsement, "**non-owned auto**" means an **auto** with gross vehicle weight of 53,000 lbs. or less which is not owned by **you**, registered in **your** name, hired by **you**, or used under contract in **your** behalf.
> …

17. The SUBJECT VEHICLE driven by DUTRUCH at the time of the collision with MOORE was owned by DUTRUCH.

18. The SUBJECT VEHICLE is not described in the Policy Declarations in the listing of Insured Vehicles.

19. DUTRUCH is not described in the Policy Declarations in the listing of Drivers and Household Residents.

20. The SUBJECT VEHICLE was not owned by VISTA and was not being used by DUTRUCH because any vehicle owned by VISTA was temporarily out of service for repairs.

21. At the time of the incident, DUTRUCH was an independent contractor for VISTA, who picked up laboratory samples gathered by medical providers and delivered them to VISTA for processing, testing and other medical diagnostic services.

22. At the time of the incident, DUTRUCH was not an employee of VISTA.

23. At the time of the incident, DUTRUCH was performing courier services for VISTA under a contract entered into for that purpose.

5

24. Because the vehicle owned and operated by DUTRUCH does not meet the definition of "your insured auto" or "your covered auto" or a "temporary substitute auto" or a "non-owned auto", there is no liability coverage for the operation of the vehicle by DUTRUCH.

25. Because DUTRUCH was an independent contractor at the time of the incident, VISTA is not vicariously liable for any negligence he may have committed at the time of the incident.

26. Consequently, INTEGON does not have any liability coverage for the bodily injuries sustained by MOORE.

## CLAIM FOR DECLARATORY RELIEF

27. MOORE has sought damages from VISTA for the incident of October 8, 2013 and a lawsuit is anticipated.

28. The policy includes a duty to defend and indemnify covered claims.

29. Based on the above facts, INTEGON is uncertain as to its obligations to defend or indemnify against the claims presented by MOORE and is in need of a declaration from this Court as to such duties and obligations under the policy.

30. There exists a bona fide dispute among the parties, all of whom have rights that will be directly impacted by any determination of coverage from this Court.

31. This action is not brought for the purpose of seeking a legal opinion, but is brought, instead, in order to resolve existing doubts and uncertainties as to the coverage and attendant duties owed by INTEGON to VISTA and DUTRUCH under the policy.

WHEREFORE, Plaintiff, INTEGON NATIONAL INSURANCE COMPANY, requests this Court to Enter a Judgment:

    a. Declaring that the INTEGON NATIONAL INSURANCE COMPANY policy issued to VISTA CLINICAL DIAGNOSTICS, LLC does not provide bodily

injury liability coverage for the claims presented by MOORE for himself or for the minor, O.M..

b.      Declaring that INTEGON NATIONAL INSURANCE COMPANY does not owe a duty to defend VISTA CLINICAL DIAGNOSTICS, LLC or TYLER DUTRUCH in any lawsuit filed by MOORE seeking compensation for the injuries sustained by MOORE or the minor, O.M., in the October 8, 2013 incident.

c.      Declaring that INTEGON NATIONAL INSURANCE COMPANY does not owe a duty to indemnify VISTA CLINICAL DIAGNOSTICS, LLC or TYLER DUTRUCH for any damages awarded in any lawsuit filed by MOORE seeking compensation for injuries sustained by MOORE or the minor, O.M., in the October 8, 2013 incident.

d.      Awarding INTEGON NATIONAL INSURANCE COMPANY its taxable costs and any other relief this Court deems just and appropriate under the circumstances.

Filed this 17th day of June, 2015.

    /s/ Dorothy Venable DiFiore
Dorothy Venable DiFiore, Esq.
Florida Bar No.: 0962139
**HD LAW PARTNERS**
P. O. Box 23567
Tampa, FL  33634
(813) 280-1380 (phone)
(800) 876-3392
(813) 254-8555 (fax)
Attorneys for Plaintiff
ddifiore@hdlawpartners.com
breneman@hdlawpartners.com